Argued and submitted July 11, reversed and remanded December 5, 2001

James GIULIETTI,
Personal Representative of
the Estate of Joyce Giulietti,
*Appellant,*

*v.*

ONCOLOGY ASSOCIATES OF OREGON, P.C.,
individually
and dba Willamette Valley Cancer Center,
and Gary L. Lee, M.D.,
*Respondents.*

16-00-08662; A111414

36 P3d 510

Ron D. Ferguson argued the cause and filed the briefs for appellant.

Lindsey Hughes argued the cause for respondents. On the brief were Richard A. Roseta, Thomas A. Ped, and Brown, Roseta, Long, McConville, Kilcullen & Carlson.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff appeals after the trial court granted defendants' ORCP 21 A motion and dismissed his medical malpractice action on the ground that it was not brought within the statute of limitations. Plaintiff contends that defendants' failure to comply with UTCR 5.010(1), requiring a moving party to confer with the opposing party before filing a motion, should have resulted in the denial of defendants' motion. Alternatively, he contends that the action was commenced within the statutory limitation period for this action under ORS 30.075. We reverse and remand.

Plaintiff James Giulietti is the personal representative of the decedent, Joyce Guilietti (Joyce). Joyce received a chemotherapy treatment from defendants on November 5, 1997. Complications arose from the treatment, and two days later Joyce complained of pain and discomfort in her hand. On November 17, 12 days after the treatment, another doctor diagnosed her condition as a reaction to the administration of the chemotherapy—in essence, a chemotherapy burn. Joyce was treated for the burn and incurred medical bills and other costs. She died on April 27, 1999, from the cancer that had necessitated the chemotherapy.

As personal representative of Joyce's estate, plaintiff filed this action on May 1, 2000, approximately two-and-a-half years after defendants' treatment and more than one year after Joyce's death. Defendants filed an ORCP 21 A motion to dismiss, arguing that the action was filed after the two-year time limitation provided by ORS 12.110(4). Defendants did not confer with plaintiff's counsel, and no certificate of compliance was filed. UTCR 5.010(1). Plaintiff opposed the motion, relying on defendants' failure under UTCR 5.010(1) and on the three-year limitation provided by ORS 30.075. The court granted the motion, and plaintiff appeals.

On appeal, plaintiff argues that UTCR 5.010(1)[1] required the court to deny the ORCP 21 A motion because of

---

[1] UTCR 5.010 provides, in part:

"(1) The court will deny any motion made pursuant to ORCP 21 and 23, except a motion to dismiss: (a) for failure to state a claim; or, (b) for lack of

the failure to confer. Defendants respond, however, that compliance with the rule would have been futile and that, even if the motion should have been denied, any error was harmless because defendants simply would have conferred with plaintiff and then filed the same motion again. On appeal, plaintiff agrees that a remand on the UTCR issue is not necessary unless plaintiff's action is determined to be not timely. We accept that concession and turn to the merits of the ruling on the ORCP 21 A motion.

Four statutes are relevant to our inquiry, each of which purports to affect the timeliness of plaintiff's action. ORS 12.110 establishes a period of limitation for actions for professional malpractice generally. It provides, in part:

> "(4)   An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, notwithstanding the provisions of ORS 12.160, every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date such fraud, deceit or misleading representation is discovered or in the exercise of reasonable care should have been discovered."

ORS 12.010 provides:

> "Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute."

---

jurisdiction, unless the moving party, before filing the motion, makes a good faith effort to confer with the other party(ies) concerning the issues in dispute.

   "* * * * *

   "(3)  The moving party must file a certificate of compliance with the rule at the same time the motion is filed. The certificate will be sufficient if it states either that the parties conferred or contains facts showing good cause for not conferring."

Two other relevant statutes purport to provide for different periods of time in the case of the death of an injured party. ORS 12.190 provides, in part:

> "If a person entitled to bring an action dies before the expiration of the time limited for its commencement, an action may be commenced by the personal representative of the person after the expiration of that time, and within one year after the death of the person."

ORS 30.075(1) provides, in part:

> "Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within the limitations established in ORS 12.110 by the injured person and continued by the personal representatives under this section, *or within three years by the personal representatives if not commenced prior to death*." (Emphasis added.)

Plaintiff contends that ORS 12.190 and ORS 30.075 are inconsistent and that the applicable statute of limitation is ORS 30.075 instead of ORS 12.190 because it is more specific to personal injury actions. Defendants, on the other hand, assert that the statutes can be reconciled by requiring plaintiff to comply with both. Under that interpretation, plaintiff's action is untimely because it was brought more than one year after Joyce's death.

Our task is to determine the legislature's intent as to which statute should control. We turn first to the text and context of the relevant statutes. ORS 12.110 is phrased in mandatory language, providing that an action "shall be commenced" within two years. The beginning of the time period under ORS 12.110 is either the discovery of the injury or the date it should have been discovered. Had Joyce lived, ORS 12.110 would have controlled, and her action, brought more than two years after she was told that the treatment had burned her, would have been barred by the statute.

The question then becomes what effect Joyce's death had on the period of time within which to bring the action. ORS 12.190 and ORS 30.075 both purport to apply to the situation in which the plaintiff dies and the plaintiff's personal representative commences the action. ORS 12.190 provides that a personal representative may commence an action on behalf of a deceased person within one year after the death, even if that year extends past the period of limitations that would have applied to the decedent's own action. ORS 30.075 provides that, in personal injury actions brought after the death of the injured person, if the injured person commenced the action (by filing the complaint) within the statute of limitations, then the personal representative can continue the action. In the alternative, if the injured person has not commenced the action before death, the personal representative shall commence the action "within three years." In our view, ORS 12.010 resolves the issue. It provides that where there is a different limitation prescribed by a statute outside of the confines of ORS chapter 12, then that statute will control. *Redfield v. Mead, Johnson & Co.*, 266 Or 273, 276-77, 512 P2d 776 (1973).[2]

ORS 30.075 is such a statute. The first sentence in ORS 30.075 grants authority to the personal representative of a deceased injured party to bring the action. ORS 30.075 is specific to personal injury claims, whereas the grant of authority in ORS 12.190 applies to all actions. The second sentence of ORS 30.075 provides for two periods of limitation

---

[2] In *Redfield*, the plaintiff brought an action under the Uniform Commercial Code, which contains a statute of limitations for claims brought under it. The defendant argued that the general tort statute of limitations controlled, but the court, relying on ORS 12.010, said:

"Our general statute on limitations of actions is ORS 12.010. * * * When [ORS 12.010 and ORS 72.7250] are read together, the legislative intent is clear. The legislature has provided a cause of action for personal injuries for breach of warranty, and has adopted a limitation made specifically applicable to such actions. The action for breach of warranty is clearly one for which 'a different limitation is prescribed by statute' (ORS 12.010) and thus is not governed by the provisions of Chapter 12." *Redfield*, 266 Or at 276-77.

*See also Wimber v. Timpe*, 109 Or App 139, 144, 818 P2d 954 (1991) ("ORS 12.010 provides that, when a different limitation is prescribed by statute, ORS chapter 12 is inapplicable."); *Gladhart v. Oregon Vineyard Supply Co.*, 332 Or 226, 26 P3d 817 (2001); *Eldridge v. Eastmoreland General Hospital*, 307 Or 500, 769 P2d 775 (1989).

for actions. The first phrase provides that, if the injured person has initiated the action before death, the time limitation in ORS chapter 12 governs. The second phrase, "or within three years by the personal representatives if not commenced prior to death," does not refer to ORS chapter 12. That phrase provides a "different limitation" from those found in ORS chapter 12. When ORS 30.075 is read in the context of ORS 12.010 and ORS 12.190, it becomes clear that the legislature intended that the limitation period in ORS 30.075 apply to all personal injury actions where the decedent dies before the action is brought and that ORS 12.190 applies to all other actions where the decedent dies before the action is brought. Because plaintiff's action is a personal injury claim brought under ORS 30.075 by the personal representative after Joyce's death, and that statute provides for a different limitation from those found in ORS chapter 12, plaintiff had a period of three years to bring his action. Consequently, the trial court erred when it ruled that the action was untimely.

Reversed and remanded.