Argued and submitted August 19, 2011, affirmed January 25, 2012

General BELL,
Personal Representative of the Estate of
Thomas Bell, Deceased,
*Plaintiff-Appellant,*

*v.*

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT OF OREGON,
a municipal corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
090913232; A145225

271 P3d 138

Willard E. Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

Kimberly Sewell argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff, decedent's personal representative, appeals from a general judgment of dismissal in this personal injury action against a public body, Tri-County Metropolitan Transportation District of Oregon (TriMet). Plaintiff assigns error to the trial court's allowance of TriMet's motion to dismiss on statute of limitations grounds, based on the two-year limitation period in ORS 30.275(9). Plaintiff argues that, in the circumstances presented here, the applicable period for commencing his action is the three-year period in ORS 30.075(1), and not the two-year limitation of ORS 30.275(9). For the reasons amplified below, we conclude, as the trial court did, that ORS 30.075(1) is a "statute providing a limitation on the commencement of an action" within the meaning of ORS 30.275(9); as a result, the two-year limitation in ORS 30.275(9) applies instead of the three-year limitation in ORS 30.075(1). Accordingly, we affirm.

The facts pertinent to this appeal are undisputed. On September 4, 2007, decedent allegedly sustained personal injuries while disembarking from a bus operated by TriMet. Decedent died, on September 9, 2008, from causes unrelated to the bus incident. On September 18, 2009—more than two years, but less than three years, after the bus incident— plaintiff, decedent's personal representative, filed a complaint alleging that TriMet had negligently injured decedent and seeking damages for the alleged personal injuries.

TriMet moved to dismiss, ORCP 21 A(9), contending that plaintiff's action was barred under ORS 30.275(9), the statute of limitations for claims under the Oregon Tort Claims Act (OTCA), ORS 30.260 to 30.300. ORS 30.275(9) provides:

> "Except as provided in ORS 12.120, 12.135 and 659A.875,[1] but *notwithstanding any* other provision of ORS chapter 12 or *other statute providing a limitation on the commencement of an action, an action* arising from any act or omission of a public body or an officer, employee or

---

[1] ORS 12.120 applies to actions based on escape, libel, or slander. ORS 12.135 applies to actions based on damages from construction, alteration, or repair of improvement to real property. ORS 659A.875 applies to actions for unlawful discrimination in employment practices. None of those statutes applies here.

agent of a public body within the scope of ORS 30.260 to 30.300 *shall be commenced within two years after the alleged loss or injury."*

(Emphasis added.)

In response, plaintiff asserted that, given decedent's intervening death, the complaint was subject not to the two-year limitation of ORS 30.275(9), but, instead, to the three-year period described in ORS 30.075(1). ORS 30.075(1) provides:

"Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within the limitations established in ORS 12.110[2] by the injured person and continued by the personal representatives under this section, *or within three years by the personal representatives if not commenced prior to death."*

(Emphasis added.) In particular, plaintiff contended that, because decedent had not commenced the action prior to his death, the three-year period in the final clause of ORS 30.075(1) applied and the action was timely as having been commenced within three years of accrual.[3]

TriMet remonstrated that ORS 30.075(1) is inapplicable to claims under the OTCA. That is so, TriMet asserted, because (a) the first clause of ORS 30.275(9) explicitly precludes (subject to certain inapposite exceptions) the application of "other statute[s] providing a limitation on the

---

[2] ORS 12.110(1) provides, in part: "An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years[.]"

[3] TriMet acknowledges, correctly, that, given the qualifying language of ORS 30.075(1)—"if the decedent might have maintained an action, had the decedent lived"—the three-year provision applies only if, at the time that the decedent died, the action was not yet time barred under the two-year limitation of ORS 12.110. That is, the three-year period applies only if the decedent died less than two years from the date of accrual of the personal injury cause of action.

commencement of an action"; and (b) ORS 30.075(1) embodies "a limitation on the commencement of an action."

The trial court concluded that the two-year period of limitation in ORS 30.275(9) controlled, reasoning:

"ORS 30.075 is a statute of limitations. * * * And so it falls under the language there in ORS 30.275(9) that says [']or other statute providing a limitation on the commencement of an action.['] That's what 30.075 is. And it says, notwithstanding that, [']an action arising from any act or omission of a public body or [an] officer * * * shall be commenced within two years after the alleged loss * * *.[']"

Because plaintiff had failed to commence the action within two years after the alleged injury, as required by ORS 30.275(9), the trial court granted TriMet's motion to dismiss. Plaintiff appeals from the consequent judgment.

We review the grant of a motion to dismiss based on the expiration of a statute of limitations for errors of law. *Smith v. Wells*, 128 Or App 492, 497, 876 P2d 850 (1994). On appeal, the parties essentially reiterate, with some refinement, their positions as to whether ORS 30.075(1) is a "statute providing a limitation on the commencement of an action" within the meaning of ORS 30.275(9). Plaintiff contends that ORS 30.075(1) does not "provid[e] a limitation" but, instead, merely *extends* the otherwise applicable two-year period, because of the circumstance of decedent's death, in a manner akin to extension or tolling for disabilities, including minority or mental disability. *See* ORS 12.160. TriMet responds, in part, that ORS 30.075(1) describes and imposes a "limitation on the commencement of an action" measured from accrual—*viz.*, that, when the decedent dies less than two years after accrual, the personal representative must bring the action within a specified period, three years of accrual.

Our inquiry thus reduces to whether ORS 30.075(1) constitutes a "statute providing a limitation on the commencement of an action" for purposes of ORS 30.275(9). In resolving that question, we adhere to established principles of statutory construction. *See, e.g., State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). That task is, at least

initially, informed by our analysis in *Giulietti v. Oncology Associates of Oregon*, 178 Or App 260, 36 P3d 510 (2001).

In *Giulietti*, the decedent was allegedly injured during a chemotherapy treatment administered by the defendants on November 5, 1997. On April 27, 1999, the decedent died from the cancer that had necessitated the treatment. The personal representative of the decedent's estate, the plaintiff's husband, filed a personal injury action on May 1, 2000, which was approximately two and one-half years after the alleged injury and more than one year after the decedent's death. 178 Or App at 262. The defendants filed a motion to dismiss under ORCP 21 A(9), arguing that the action was time barred under the two-year statute of limitations governing personal injury claims arising from medical treatment, ORS 12.110(4). The plaintiff countered that the action was timely under ORS 30.075(1). The court agreed with the defendants and granted the motion, and the plaintiff appealed.

We reversed. We began by canvassing the potentially applicable statutes, including not only ORS 12.110(4) and ORS 30.075(1), but also ORS 12.190(1), which provides:

"If a person entitled to bring an action dies before the expiration of the time limited for its commencement, an action may be commenced by the personal representative of the person after the expiration of that time, and *within one year after the death of the person*."

(Emphasis added.)

We noted that, because the action was not commenced before the decedent's death, the issue of timeliness ultimately turned on which of the two statutes that addressed that circumstance—ORS 12.190(1) or ORS 30.075(1)—controlled. If ORS 12.190(1) governed, then the action was time barred because the action had not been commenced within one year of the decedent's death; conversely, if ORS 30.075(1) controlled, then the action was timely because, regardless of the interval between the decedent's death and commencement of the action, which is immaterial to ORS 30.075(1), the action had been commenced within three years of injury/accrual.

We concluded that "ORS 12.010 resolve[d] the issue." *Giulietti*, 178 Or App at 265. ORS 12.010 provides:

> "Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, *except where a different limitation is prescribed by statute*."

(Emphasis added.) Thus, under ORS 12.010, "where there is a different limitation prescribed by a statute outside of the confines of ORS chapter 12, then that statute will control." *Giulietti*, 178 Or App at 265 (citing *Redfield v. Mead, Johnson & Co.*, 266 Or 273, 276-77, 512 P2d 776 (1973)). We reasoned that

> "ORS 30.075 is such a statute. The first sentence in ORS 30.075 grants authority to the personal representative of a deceased injured party to bring the action. ORS 30.075 is specific to personal injury claims, whereas the grant of authority in ORS 12.190 applies to all actions. *The second sentence of ORS 30.075 provides for two periods of limitation for actions.* The first phrase provides that, if the injured person has initiated the action before death, the time limitation in ORS chapter 12 governs. The second phrase, 'or within three years by the personal representatives if not commenced prior to death,' does not refer to ORS chapter 12. That phrase provides a 'different limitation' from those found in ORS chapter 12."

*Id.* at 265-66 (emphasis added). Accordingly, ORS 30.075(1) applied, and "the trial court erred when it ruled that the action was untimely." *Id.* at 266.

Giulietti is central to our analysis here because there we explicitly characterized ORS 30.075(1) as "provid[ing] for * * * periods of limitation for actions." *Id.* at 265-66. Even more specifically, we characterized the second phrase of ORS 30.075(1)—the provision that plaintiff invokes here—as embodying and prescribing such a "limitation." *Id.* That characterization was careful and conscious, not casual. It was essential to our pivotal reliance on ORS 12.010 in *Giulietti*. Further, and most significantly, our characterization of ORS 30.075(1) in *Giulietti* comported with the well-settled understanding of "statute of limitations" or "limitation on the commencement of an action." *See Black's Law Dictionary* 1450-51

(8th ed 2004) (defining "statute of limitations" as "[a] law that bars claims after a specified period; specifically, a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)").

In TriMet's view, *Giulietti* is conclusive here. That is so, TriMet asserts, because: (1) as we stated in *Giulietti*, ORS 30.075(1) "provides for two periods of limitation for actions," *Giulietti*, 178 Or App at 265-66, including the provision that plaintiff invokes, and (2) ORS 30.275(9) precludes the application of "any other statute providing a limitation on the commencement of an action"; consequently, ORS 30.275(9) necessarily precludes the application of the three-year period in ORS 30.075(1).

Plaintiff, however, remonstrates that our characterization of ORS 30.075(1) in *Giulietti* is not controlling for present purposes, because we had no occasion there to consider the application of ORS 30.275(9). Plaintiff argues further that, in *Baker v. City of Lakeside*, 343 Or 70, 83, 164 P3d 259 (2007), the Supreme Court adopted a construction of ORS 30.275(9) that precludes treating ORS 30.075(1) as a "statute providing a limitation" for purposes of ORS 30.275(9).

We disagree. *Baker* does not bear such a construction, much less compel such a conclusion.

In *Baker*, the plaintiff, in an action under the OTCA, was allegedly injured on August 31, 2002, and filed her complaint within two years, on August 27, 2004—but did not serve the summons on the defendant until four weeks later. *Id.* at 72. The defendant city moved to dismiss under ORS 30.275(9), arguing that the action had not been commenced within two years because, pursuant to ORS 12.020(1), an action is deemed to be commenced "when the complaint is filed, *and* the summons served on the defendant[.]" (Emphasis added.) The plaintiff, in turn, attempted to invoke ORS 12.020(2), which provides that, if service of the summons occurs within 60 days of the filing of the complaint, the action "shall be deemed to have been commenced" on the date that the complaint was filed. The city countered that ORS 30.275(9) precluded the application of ORS 12.020(2). The

trial court dismissed on that basis, and we affirmed. *Baker v. City of Lakeside*, 206 Or App 718, 138 P3d 894 (2006).

The Supreme Court reversed. In so holding, the court, after engaging in an extensive review of legislative history, concluded that "the notwithstanding clause in ORS 30.275(9) applies only to those provisions of ORS chapter 12 and other statutes that provide a limitation on the commencement of an action," *Baker*, 343 Or at 83, and, thus, did not preclude the application of other provisions, including ORS 12.020(2), that did not limit the time for bringing an action. In that regard, the court parenthetically observed, by parity of reasoning, that nothing in the legislative history

"suggest[s] that the legislature intended to deny children and persons with mental disabilities bringing OTCA claims the advantage of a tolling provision that is available to them in every other action."

*Id.* at 82; *see* ORS 12.160 (providing an extension of the statute of limitations for minors and mentally disabled persons).

Plaintiff here invokes that language in *Baker* pertaining to tolling provisions and asserts that ORS 30.075(1) is functionally analogous to such tolling provisions. Even if that language—which was collateral to the Supreme Court's essential holding in *Baker*—could bear the implication that plaintiff suggests, it is not apposite to the application of ORS 30.275(9) here. That is so because the three-year provision of ORS 30.075(1) is materially, functionally distinct from tolling provisions in at least two related respects. First, unlike tolling or extension provisions, which are measured in relation to the existence of the disabling condition or circumstances, the three-year provision of ORS 30.075(1) is—like any statute of limitations—defined and measured solely by reference to the accrual of the cause of action. Second, unlike tolling or extension provisions, whose application is variable—depending, in any given case, on the timing of the onset/existence and persistence or duration of the disabling circumstance or condition—the second clause of ORS 30.075(1), again like any statute of limitations, prescribes an immutable date certain by which the action must be commenced: The personal

representative must bring the personal injury action within three years of accrual.[4]

In conclusion, we hold that, with respect to an action for personal injury brought by a decedent's personal representative against a public body, the two-year limitation for the commencement of an action in ORS 30.275(9) precludes the application of the three-year limitation provided in ORS 30.075(1). Here, plaintiff's cause of action expired two years after the date of the alleged injury, which occurred on September 4, 2007. Plaintiff commenced this action on September 18, 2009, two years and 14 days after the action had accrued. Because plaintiff failed to commence this action within two years after the alleged injury, the action was untimely and the trial court did not err in dismissing it.

Affirmed.

---

[4] A comparison of ORS 30.075(1) with ORS 12.190(1) is illustrative. Under ORS 12.190(1)—which, as noted, does not apply to actions for personal injury, *see Giulietti*, 178 Or App at 266, an action brought by a personal representative beyond the generally applicable limitation period is untimely unless commenced within a year of the decedent's death. In contrast, under the three-year provision of ORS 30.075(1), it makes no difference when, relative to the decedent's death, the personal representative commences the action—it makes no difference whether the decedent dies on the day after the claim accrued or just short of two years after accrual; so long as the action is commenced by the personal representative within three years of accrual, it is timely.