Submitted October 7, 2011, affirmed November 15, 2012

## LOREN MACNAB,
*Plaintiff-Appellant,*

*v.*

## STATE OF OREGON,
*Defendant-Respondent.*

Benton County Circuit Court
0910713; A145908

291 P3d 758

Loren Macnab filed the brief *pro se*.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Plaintiff brought a civil action against the State of Oregon for false imprisonment, asserting in his complaint that a judge unlawfully imprisoned him by declining to stay his sentence pending appeal in a criminal case. The state filed a motion to dismiss plaintiff's claim on the ground that it was time barred by a two-year statute of limitations. The trial court granted that motion, and plaintiff appeals, contending that his action was timely because he could not have discovered that his imprisonment was unlawful until this court reversed his conviction. We conclude that the two-year statute of limitations began to run at least six years prior to the filing of his complaint and that, accordingly, the trial court did not err in dismissing plaintiff's claim.

Because the trial court decided the statute of limitations defense on a motion to dismiss under ORCP 21 A(9), we summarize the relevant facts as they are alleged in plaintiff's complaint.[1] *Gladhart v. Oregon Vineyard Supply Co.*, 332 Or 226, 229, 26 P3d 817 (2001). In three separate judgments, plaintiff was convicted of four counts of failure to register as a sex offender. Plaintiff was sentenced to jail time on each count.

Plaintiff appealed each judgment. Pursuant to ORS 138.135(1),[2] each sentence was stayed pending the outcome of the appeal in the first case. In August 2002, plaintiff was convicted of failure to register as a sex offender in a fourth case. That same month, the Supreme Court affirmed plaintiff's conviction in the first case. *See State v. Macnab*, 334 Or 469, 51 P3d 1249 (2002).

---

[1] ORCP 21 A(9) allows the defense that "the pleading shows that the action has not been commenced within the time limited by statute" to be asserted by a motion to dismiss.

[2] ORS 138.135(1) provides:

"A sentence of confinement shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is released on security under ORS 135.230 to 135.290. If a defendant is not released on security and elects not to commence service of the sentence pending appeal, the defendant shall be held in custody at the institution designated in the judgment without execution of sentence, except as provided in ORS 138.145."

In October 2002, the trial court held a hearing to consider whether to end the stays on plaintiff's sentences in the first three cases and impose a stay of the sentence in the fourth case pursuant to ORS 138.135(1). At that hearing, the court then signed the order that is the basis of plaintiff's false imprisonment claim:

> "Stay of sentence in all three cases is lifted—sentence to be executed immediately. * * * Sentences to be served consecutive to each other and to [that of the fourth case]."

Plaintiff was released from custody in October 2003.

Plaintiff also appealed the judgment of conviction and sentencing in the fourth case, and, in May 2005, on a joint motion from the parties, this court vacated that judgment and remanded for reconsideration. Plaintiff was retried and convicted. Plaintiff appealed, and, in November 2008, this court reversed that conviction because the state had failed to prove venue. *See State v. Macnab*, 222 Or App 332, 194 P3d 164 (2008).

In December 2009, plaintiff filed a complaint alleging that the state had unlawfully imprisoned him in the fourth case. The *pro se* complaint, while not entirely clear, alleged that the state had unlawfully imprisoned him because ORS 138.135(1) required the state, upon plaintiff's request, to stay his sentence pending the resolution of his appeal. In plaintiff's view, had his sentence been properly stayed until his appeal concluded, "[n]o period of confinement would have been served."

The state filed a motion to dismiss pursuant to ORCP 21 A(9), arguing that the action was barred under a two-year statute of limitations.[3] Plaintiff argued that his claim did not accrue until this court entered its appellate judgment in 2008 reversing his conviction from the retrial of the fourth case. The trial court granted the state's motion to dismiss, concluding that plaintiff's claim accrued when

---

[3] Before the trial court, the parties framed the issue as whether plaintiff's claim was time barred under the two-year statute of limitations generally applicable to actions for false imprisonment, ORS 12.110. On appeal, the state correctly acknowledges that plaintiff's claim is governed by the Oregon Tort Claims Act (OTCA), ORS 30.260 to 30.300.

the original judgment in the fourth case was vacated and remanded in 2005. Plaintiff appealed, and, for the most part, the parties renew the arguments that they made before the trial court.

We review the grant of a motion to dismiss based on the expiration of a statute of limitations for errors of law. *Bell v. Tri-Met*, 247 Or App 666, 670, 271 P3d 138 (2012). Because defendant State of Oregon is a "public body," plaintiff's false imprisonment claim is governed by the OTCA. ORS 30.260(4); ORS 30.265(1). The OTCA requires that,

> "[e]xcept as provided in ORS 12.120, 12.135 and 659A.875, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

ORS 30.275(9). Because ORS 30.275(9) incorporates a discovery rule, the "two-year statute of limitations applicable [to an OTCA claim does] not begin to run until a plaintiff knows or reasonably should know of the facts giving rise to his claim." *Doe v. Lake Oswego School District*, 242 Or App 605, 613, 259 P3d 27 (2011), *rev allowed*, 351 Or 678 (2012). Stated another way, the statute of limitations begins to run when a plaintiff knows or reasonably should know of "facts that would make an objectively reasonable person aware of a substantial possibility that all three of the following elements exist: an injury occurred, the injury harmed one or more of the plaintiff's legally protected interests, and the defendant is the responsible party." *Edwards v. DHS*, 217 Or App 188, 197, 175 P3d 490 (2007) (internal quotation marks omitted).

The elements of false imprisonment are as follows: "(1) defendant must confine plaintiff; (2) defendant must intend the act that causes the confinement; (3) plaintiff must be aware of the confinement; and (4) the confinement must be unlawful." *DeNucci v. Henningsen*, 248 Or App 59, 67, 273 P3d 148 (2012) (internal quotation marks omitted). Thus, the period of limitations for a claim of false imprisonment

under the OTCA begins to run when the plaintiff knows or reasonably should know that a confinement is intentional and unlawful.

At the time that plaintiff was confined in 2002 and 2003, he plainly knew that the state had intentionally acted to cause his confinement by refusing to stay his sentence from his fourth case pending appeal. However, as noted, plaintiff argues that a reasonable person would not have known that his confinement was *unlawful* until 2008, when this court reversed his conviction stemming from the retrial of the fourth case.

We disagree. Plaintiff did not allege or contend that he was unlawfully imprisoned because he was not guilty of the crime for which he was jailed. We need not decide whether imprisonment on a judgment that is later reversed creates tort liability at all and, if so, when the discovery of the unlawfulness occurs for purposes of accrual of a claim of false imprisonment. *Cf.* W. Page Keeton, *Prosser and Keeton on The Law of Torts* § 119, 885-86 (5th ed 1984) ("So long as the plaintiff has been detained by legal process, it cannot be said that he has been falsely imprisoned and the claim, if there is one, must be for malicious prosecution, where malice and a want of probable cause must be shown." (Footnote omitted.)).

Instead, plaintiff alleged in his complaint that ORS 138.135(1) required the court to stay his sentence pending appeal. Again, putting aside the legal correctness of that claim, plaintiff knew all of the facts necessary to prove liability for the tort of false imprisonment under his theory of the case—that the state unlawfully failed to release him from confinement under ORS 138.135(1)—when he was imprisoned after the filing of his appeal of the fourth case.[4] The entire period of confinement occurred more than six

---

[4] We reiterate that we express no opinion on the merits of plaintiff's action for false imprisonment. We need not decide whether the court erred under ORS 138.135(1) when it issued its October 2002 order. Rather, we merely address the parties' statute of limitations contentions under plaintiff's particular theory of his case.

years before the filing of the complaint—well outside of the two-year statue of limitations. Accordingly, the trial court did not err in dismissing plaintiff's claim.[5]

Affirmed.

---

[5] Plaintiff also contends on appeal that he pleaded a tort claim for denial of access to the courts and that the trial court erred in dismissing that claim on statute of limitations grounds. We have reviewed plaintiff's complaint, and we conclude that he did not plead a claim for denial of access to the courts. Accordingly, we reject that assignment of error without further discussion.