Argued and submitted April 30, reversed and remanded August 26, 2015

Robert CONCIENNE,
*Plaintiff-Appellant,*
*v.*

ASANTE,
dba Rogue Valley Medical Center;
and Ruth Rabinovitch, M.D.,
*Defendants,*
*and*

Tracey Stephen KATHER, N.P.,
*Defendant-Respondent.*
Jackson County Circuit Court
123280L3; A154121

359 P3d 407

Thomas W. Brown argued the cause for appellant. On the briefs was Kevin L. Cathcart.

Matthew J. Kalmanson argued the cause and filed the brief for respondent. With him on the brief was Hart Wagner LLP.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

DEVORE, J.

**DEVORE, J.**

Plaintiff appeals from a judgment dismissing his claim of professional negligence against defendant Kather. The trial court concluded that plaintiff's amended complaint did not relate back to the date of the original complaint and, as a consequence, the claim was barred by the statute of limitations. On appeal, we must decide how a court should apply ORCP 23 C to an incomplete complaint. We conclude that the amended complaint relates back to the original complaint, because the revised claim against Kather "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* ORCP 23 C. The statute of limitations does not bar plaintiff's claim. Therefore, we reverse and remand.

On review of a successful motion to dismiss under ORCP 21 and a statute of limitations, "we accept as true 'factual allegations in the complaint and all reasonable inferences arising from those allegations.'" *Sternberg v. Lechman-Su*, 271 Or App 401, 402, 350 P3d 593 (2015) (quoting *Johnson v. Babcock*, 206 Or App 217, 219, 136 P3d 77, *rev den*, 341 Or 450 (2006)); *see also Guirma v. O'Brien*, 259 Or App 778, 780, 316 P3d 318 (2013). Accordingly, we take the following summary from the original complaint. It named Kather and others as defendants in the caption, and the body of the complaint began by alleging generally that plaintiff was a patient of Kather and later a patient of a defendant physician Rabinovitch at defendant hospital Rogue Valley Medical Center.

The complaint detailed that, on January 15, 2010, plaintiff sought treatment from Kather, a licensed nurse practitioner, because plaintiff was having difficulty breathing. Kather diagnosed the condition as reactive airway disease (RAD) and provided plaintiff with an inhaler to treat the condition. Plaintiff sought further treatment from Kather on February 17, May 18, and June 2.

Plaintiff's breathing problems worsened and were unresponsive to treatment. Plaintiff sought care at the emergency department of Curry General Hospital and was transferred immediately to Rogue Valley Medical Center. Thereafter, on July 8, 2010, he learned that he had been

diagnosed with acute respiratory failure secondary to pneumocystis jiroveci pneumonia (PCP) as a result of being HIV positive with AIDS. Plaintiff was unaware until that time that he was HIV positive. At Rogue Valley, plaintiff was placed under the care of physician Rabinovitch. Plaintiff developed a condition called toxic megacolon, which, on July 25, resulted in a total colectomy (*i.e.*, the removal of the entire large intestine).

On July 6, 2012, plaintiff filed a Complaint for Professional Negligence, naming Kather, Rabinovitch, and Rogue Valley as defendants. As against the physician and hospital, the complaint alleged a specification of fault that asserted their breach of care in "failing to appropriately treat plaintiff's respiratory failure secondary to [PCP]." As to Kather, the complaint did not identify a particular specification of fault. The complaint did, however, allege Kather's RAD diagnosis—something different than the subsequent diagnosis that followed. The complaint alleged collectively against all defendants that, "[a]s a foreseeable result of the defendants' violation of the standard of care, plaintiff became critically ill and required hospitalization for almost two months, lost his colon," and would endure lifelong pain and suffering. Plaintiff asked noneconomic damages of $1,500,000. The complaint also alleged collectively against all defendants that as a "foreseeable result of the defendants' breach of the standard of care," plaintiff incurred economic damages estimated at $1,500,000.

Initially, Kather moved under ORCP 21 to dismiss the claim for failure to state a claim against him. The court granted the motion, but gave plaintiff leave to amend the complaint. Plaintiff filed an amended complaint on December 24, 2012, and added specifications of fault against Kather, asserting that he was negligent in one or more of the following ways:

"(a)   In failing to diagnose plaintiff's respiratory failure secondary to pneumocystis jiroveci pneumonia (PCP) when he knew or should have known that plaintiff was H.I.V. positive and had A.I.D.S.,

"(b)   In failing to recommend that plaintiff be tested for H.I.V., when he knew or should have known that plaintiff's medical history put him at risk for being H.I.V. positive.

"(c) In failing to refer plaintiff to a medical doctor when it was apparent that plaintiff was not responding to the prescribed treatment for RAD/Asthmatic Bronchitis, and

"(d) In failing to confer with a medical doctor in regard to plaintiff's breathing problems when it was apparent that plaintiff was not responding to the prescribed treatment for RAD/Asthmatic Bronchitis."

Kather again moved to dismiss plaintiff's claim, now arguing that the amended complaint was not filed within the two-year statute of limitations applicable to medical negligence claims. ORS 12.110(4). Plaintiff responded that the allegations against Kather should relate back to his original complaint as provided under ORCP 23 C. Kather offered two arguments to the contrary. First, in the absence of specifications of fault, Kather contended that there was no "conduct, transaction, or occurrence" set forth in the original pleading to which the amended complaint could relate back. In his view, specifics, not generalities, matter. Second, given the absence of specifications of fault and the consequent failure to state a claim, Kather contended that he was not a party until plaintiff filed the amended complaint, such that the second and more stringent sentence in ORCP 23 C should preclude relation back on these facts. That is, if Kather was not effectively a party to the original complaint, then the action against Kather arguably would not have been commenced until filing and service of the amended complaint—a date too late for purposes of the rule as to a new party.[1]

Addressing these alternative situations in its two sentences, ORCP 23 C describes relation back, depending whether there is the same or a new party. The rule provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of

---

[1] Kather cited cases involving the recurring dispute whether plaintiff has added a new party or merely misnamed the proper defendant, *Smith v. American Legion Post 83*, 188 Or App 139, 71 P3d 136, *rev den*, 336 Or 60 (2003), and *Richlick v. Relco Equipment, Inc.*, 120 Or App 81, 852 P2d 240, *rev den*, 317 Or 605 (1993).

the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."

ORCP 23 C.

After a hearing, the trial court determined that the new allegations did not relate back due to plaintiff's failure to plead specific allegations of fault against Kather in the original complaint. The court deemed that the mere inclusion of Kather as a named defendant was not sufficient to allow the amended complaint to relate back to the filing of the original complaint. In so ruling, the trial court appears to have accepted defendant's first argument—that the amended claim did not arise out of the conduct, transaction, or occurrence attempted to have been set forth in the original complaint.[2] The court granted Kather's motion. We review the trial court's conclusion for legal error. *Macnab v. State of Oregon,* 253 Or App 511, 514, 291 P3d 758 (2012).

At the outset, we reject Kather's second argument. Kather argues that he "is *essentially* a 'new party' for ORCP 23 C purposes because no prior claim was actually asserted and the court dismissed the initial complaint against him." (Emphasis added.) Although the trial court ruled that the original complaint failed to state a claim against him in the absence of specifications of fault, that conclusion does not mean that Kather was not then a party to the action. He was identified in the caption. The original complaint alleged that "defendant Tracey Stephen Kather N.P. was a nurse

---

[2] The trial court did not appear to treat Kather as a new party under the second sentence of ORCP 23 C. Accepting Kather as a defendant in the original complaint, the trial court told the parties' attorneys:

"Okay. Well this is a judgment call, but that's—that's why I'm sitting up here. I got to tell you, I don't think * * * you plead anything to get you there, Mr. Cathcart [plaintiff's counsel]. You basically included him as a defendant and that's about it, so I'm going to allow the Motion to Dismiss * * *."

practitioner" and that plaintiff was his patient. Kather was served with the original complaint within 60 days of its filing, which means that the action against him was commenced at the time of filing of the original complaint. *See* ORS 12.020(2) (action commenced when service occurs within 60 days of filing).[3] After the initial motion, the action was not dismissed in a general judgment. Plaintiff was granted leave to amend, and the action continued. Because Kather was a party from the beginning, correctly identified, and duly served, the second sentence of ORCP 23 C does not govern, and Kather's reliance on cases involving new parties is misplaced.[4]

We focus on Kather's first argument, which the trial court apparently accepted, challenging the application of the rule's first sentence. In applying ORCP 23 C, our task is to first "identify the 'conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,'" then determine whether the claim or defense arose out of that conduct, transaction, or occurrence. *Griffith v. Blatt*, 334 Or 456, 464, 51 P3d 1256 (2002). The presence of different or additional issues in an amended pleading does not necessarily preclude an amended pleading from relating back. *Id.* at 465. "The essential inquiry under ORCP 23 C is one of notice: An amended complaint filed after the limitations period may relate back 'if the defendant would have been able to discern from the earlier pleading a potential for the additional basis of liability.'" *Doughton v. Morrow*, 255 Or App 422, 433, 298 P3d 578, *rev den*, 353 Or 787 (2013) (quoting *Walters v. Hobbs*, 176 Or App 194, 208, 30 P3d 1214, *adh'd to as modified on recons*, 177 Or App 527, 33 P3d 1067 (2001)).

Plaintiff acknowledges that the original complaint failed to allege the particular ways in which Kather was

---

[3] Defendant has raised no objection to the service of summons of the original complaint. ORS 12.020(2) provides:

"If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

[4] *Smith*, 188 Or App at 139; *Richlick*, 120 Or App at 81.

negligent, but plaintiff argues that the amended complaint relates back because the original complaint was sufficient to notify Kather of the claim against him. Plaintiff argues that Kather "would have been able to discern from the original complaint that the allegations against him concerned the treatment he provided to plaintiff for a breathing problem between January 15, 2010 and July 2010." Plaintiff contends that the "conduct, transaction, or occurrence" that is at issue is the course of treatment that Kather provided and that treatment gave rise to the claims against him.

Plaintiff points to the commonality of the original and amended complaint: the amended complaint added no significant factual information concerning Kather's treatment of plaintiff, such as alleging treatment on other dates or in other ways; the specifications of professional negligence in the amended complaint related to the factual allegations of the treatment in the original complaint; the original complaint contains allegations about Kather's diagnosis and treatment of plaintiff's respiratory issues, while alleging a different diagnosis by a physician later; the defendants' collective negligence lead to toxic megacolon and surgery to remove his large intestine; and the original complaint sought the same damages that were a "foreseeable result of the *defendants'* breach of the standard of care." (Emphasis added.) Given all that, plaintiff argues, the original complaint apprised defendant of a claim of professional negligence against him concerning his treatment of plaintiff. Plaintiff believes that the original complaint served to provide "the notice that the statute of limitations was intended to assure." *Caplener v. U.S. National Bank,* 317 Or 506, 522, 857 P2d 830 (1993) (internal quotation marks omitted). Plaintiff reminds us that we should follow the Supreme Court's direction "to construe the pleadings liberally with a view of substantial justice between the parties." *Welch v. Bancorp,* 296 Or 208, 223, 675 P2d 172, *reh'g den,* 296 Or 713 (1983).

Defendant's argument against relation back turns on the omission of specifications of fault against Kather in the original complaint. Defendant argues that two cases— *Walters,* 176 Or App at 208 and *Doughton,* 255 Or App at 433—demonstrate that our identification of the conduct,

transaction, or occurrence must be done narrowly, "with reference to the *specific allegations* that make up the *specific claim* in the original complaint." (Emphases in original.) Here, defendant insists, there were no specific allegations in the original pleading.

We look to *Walters, Doughton,* and, as we will note, a Supreme Court precedent, but what we find is not the narrow test that defendant urges. Defendant is generally correct insofar as *Walters* and *Doughton* referred to the original allegations in determining whether the new claims arose out of the conduct, transaction, or occurrence indentified in the original pleading. Reference to the original pleading is intended to serve the essential inquiry under ORCP 23 C. In *Walters,* we explained that "the essential inquiry under ORCP 23 C is one of notice." 176 Or App at 208. An amended complaint filed after the limitations period may relate back "if the defendant would have been able to discern from the earlier pleading a potential for the additional basis of liability." *Id.* (citations and quotation marks omitted). Likewise, *Doughton* explained, "We examine the totality of the original complaint to determine whether it would provide notice to defendant of an additional basis of liability." 255 Or App at 434.[5]

In *Walters,* the original complaint alleged that a physician had negligently delivered a baby. The plaintiff alleged that the physician failed to take appropriate precautions during a caesarian section delivery, which resulted in physical harm to the baby and emotional harm to the mother. The plaintiff did not allege physical injury to the mother. 176 Or App at 209. The amended complaint, by contrast, alleged physical injury to the mother and "introduced entirely new specifications of negligence" as to the mother, concerning her own injury from the caesarian section delivery, stress tests, and fetal monitoring. *Id.* at 209-10. We concluded that the new claims concerning physical harm to the mother did not relate back to the earlier claims. We explained that the original pleading would not have provided notice to

---

[5] In *Doughton,* the original complaint about the mislocation of a road and cul-de-sac would not have given notice of the amended claim about the poor quality of construction of the road and cul-de-sac. 255 Or App at 434.

the defendant doctor of the later asserted claim for physical harm to the mother. The amendment involved matters that did not arise out of the originally pleaded conduct, transaction, or occurrence. The critical differences we identified were "(1) the nature of [the defendant's] alleged tortious conduct, (2) the source of causation of injury to [the plaintiff], and (3) the nature of [the plaintiff's] alleged injury and resultant damages[.]" *Id.* at 212. Given those differences, we found that "there is insufficient similarity or relationship between the original and amended complaints" to put the defendant reasonably on notice that the plaintiff's later asserted claims would arise out of the conduct, transaction, or occurrence originally pleaded. *Id.*

In reaching that conclusion, we considered a Supreme Court case, *Welch*, 296 Or at 208, where the court found that subsequent allegations did relate back to an earlier pleading. In *Welch*, the plaintiff alleged in the original complaint that the defendant had made misrepresentations to a trust. The amended complaint added allegations that the defendant also made misrepresentations to the plaintiff. *Id.* at 220. The Supreme Court concluded that the misrepresentation to the plaintiff added in the amended complaint, given that it involved "interfering with the same contract substantially at the same time," would "unite[] with the originally pleaded misrepresentation to the Trust to cause the single injury alleged in the original complaint." *Id.* at 222. In *Walters*, we found features in *Welch* that become significant to the case at hand. We summarized:

> "In short, the added allegation in *Welch* was that the defendant had done something tortious concerning the same predicate facts, resulting in the same damages to the same party, as was specified in the original pleading. Thus, in *Welch*, the later-alleged misrepresentation 'unite[d] with the originally pleaded misrepresentation * * * to cause the *single injury* alleged in the original complaint.'"

176 Or App at 211 (quoting *Welch*, 296 Or at 222) (emphasis in *Walters*).

These cases counsel that the amended complaint in this case should relate back to the original complaint. Contrary to Kather's argument, plaintiff's failure to allege

specific breaches of due care is not determinative. Although specifications of fault are useful to identify the conduct, transaction, or occurrence set forth in the original pleading, they are not the only means by which to identify the circumstances that give rise to a claim. The court may also compare the predicate facts, the injury, and the damages sought in the earlier and later complaints. *Welch*, 296 Or at 222; *Walters*, 176 Or App at 211-12.

In this case, the allegations added more particularity about how Kather was negligent, but the specifications of fault concern the same predicate facts. They still arose out of Kather's examination of plaintiff, his particular diagnosis and treatment of plaintiff's respiratory issue, and plaintiff's subsequent discovery that he was HIV positive with AIDS. The injury alleged in both complaints is the same harm to plaintiff that eventuates in toxic megacolon and the total colectomy. And, the damages sought in both complaints are the same resulting sums of economic and noneconomic damages. The consistency between the predicate facts, the harm caused, and damages sought in both complaints indicate that the amended complaint should relate back to the original complaint.

We conclude that, in spite of plaintiff's failure in the original complaint to allege specifications of fault, Kather would have been able to discern that, like other defendants, he faced a claim of liability to plaintiff caused by his diagnosis and treatment of plaintiff's respiratory condition, which contributed to plaintiff's hospitalization, toxic megacolon, and resulting colectomy. Although the original complaint was critically incomplete, the circumstances involving Kather's diagnosis and treatment were circumstances that were "attempted to be set forth in the original pleading" as a claim against him. ORCP 23 C (relation back despite imperfect allegations). The amended pleading related back to the original pleading. Plaintiff's claim was not barred by the statute of limitations.

Reversed and remanded.