No. 21 May 16, 2013 535

IN THE SUPREME COURT OF THE
STATE OF OREGON

General BELL,
Personal Representative of the Estate of
Thomas Bell, Deceased,
*Petitioner on Review*,

*v.*

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT OF OREGON,
a municipal corporation,
*Respondent on Review*.

(CC 090913232; CA A145225; SC S060373)

En Banc

On review from the Court of Appeals.*

Argued and submitted January 10, 2013.

Willard E. Merkel, Merkel & Associates, Portland, argued the cause for petitioner on review.

Kimberly Sewell, Portland, argued the cause and filed the brief for respondent on review.

Kristian Roggendorf, O'Donnell Clark & Crew LLP, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

BREWER, J.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

Baldwin, J., dissented and filed an opinion.

---

\* Appeal from Multnomah County Circuit Court, Christopher Marshall, Judge. 247 Or App 666, 271 P3d 138 (2012).

**BREWER, J.**

The question in this case is whether plaintiff's survival action against a public body must be brought within two years or three years of the alleged injury. Either of two statutes supplies the answer. On the one hand, ORS 30.275(9) provides that, "notwithstanding any other *** statute providing a limitation on the commencement of an action," a tort action against a public body must be filed within two years after the alleged loss or injury. On the other hand, ORS 30.075(1) provides that survival actions for personal injuries must be brought within three years of the alleged loss or injury. The determinative inquiry is whether ORS 30.075(1) constitutes a "statute providing a limitation on the commencement of an action." If it does, then it falls within the notwithstanding clause of ORS 30.275(9), and the two-year limitation period set out in that statute applies. For the reasons that follow, we conclude that ORS 30.075(1) does constitute a "statute providing a limitation on the commencement of an action," thus triggering the two-year limitation period of ORS 30.275(9).

We take the undisputed facts and some of the procedural history of the case from the opinion of the Court of Appeals.

"On September 4, 2007, decedent allegedly sustained personal injuries while disembarking from a bus operated by [defendant]. Decedent died, on September 9, 2008, from causes unrelated to the bus accident. On September 18, 2009—more than two years, but less than three years, after the bus incident—plaintiff, decedent's personal representative, filed a complaint alleging that [defendant] had negligently injured decedent and seeking damages for the alleged personal injuries.

"[Defendant] moved to dismiss, ORCP 21 A(9), contending that plaintiff's action was barred under ORS 30.275(9) the statute of limitations for claims under the Oregon Tort Claims Act (OTCA), ORS 30.260 to 30.300.

"* * * * *

"In response, plaintiff asserted that, given decedent's intervening death, the complaint was subject not to the

two-year limitation of ORS 30.275(9) but, instead, to the three-year period described in ORS 30.075(1).

*Bell v. Tri-Met*, 247 Or App 666, 668-69, 271 P3d 138 (2012) (footnotes omitted). The trial court concluded that ORS 30.275(1) established a limitation on the commencement of a survival action for personal injuries that is superseded, in a tort action against a public body, by the two-year limit set out in ORS 30.275(9). Accordingly, the court granted defendant's motion to dismiss on the ground that plaintiff had commenced the action more than two years after the injury-producing incident.

Plaintiff appealed, and the Court of Appeals affirmed. The court held that, "with respect to an action for personal injury brought by a decedent's personal representative against a public body, the two-year limitation for the commencement of an action in ORS 30.275(9) precludes the application of the three-year limitation provided in ORS 30.075(1)." *Bell*, 247 Or App at 675. Because it had concluded in an earlier decision that ORS 30.075(1) is a "statute providing a limitation on the commencement of an action," *Giulietti v. Oncology Associates of Oregon*, 178 Or App 260, 36 P3d 510 (2001), the court held that ORS 30.075(1) fell within the scope of the notwithstanding clause of ORS 30.275(9).

On review, plaintiff contends that the Court of Appeals erred in concluding that ORS 30.275(9) precludes application of the three-year limitation period set out in ORS 30.075(1). According to plaintiff, that three-year period merely extends or tolls the underlying two-year limitation period for personal injury claims set out in ORS 12.110 in circumstances where the decedent has died during that period without bringing an action. Therefore, plaintiff urges, ORS 30.075(1) does not, itself, constitute a limitation on the commencement of an action that is subject to the notwithstanding clause of ORS 30.275(9).

In support of that argument, plaintiff relies on this court's decision in *Baker v. City of Lakeside*, 343 Or 70, 83, 164 P3d 259 (2007). At issue in *Baker* was whether the notwithstanding clause in ORS 30.275(9) applied to ORS 12.020(2), a statute that permits service of process to relate

back to the date on which the complaint was filed.[1] We held that it did not, because "the notwithstanding clause in ORS 30.275(9) applies *only* to those provisions of ORS chapter 12 and other statutes that provide a limitation on the commencement of an action," and ORS 12.020 was not such a statute. *Baker*, 343 Or at 83 (emphasis added). In reaching that conclusion, we discussed in detail the legislative history of ORS 30.275(9). *Id.* at 77-82. In summary, we observed that:

> "Nothing in the legislative history suggests that the legislature intended to depart from the longstanding rule of procedure found in ORS 12.020(2), *nor does it suggest that the legislature intended to deny children and persons with mental disabilities bringing OTCA claims the advantage of a tolling provision that is available to them in every other action.*"

*Id.* at 82 (emphasis added); *see also* ORS 12.160 (providing that, if a cause of action accrues at a time when the person entitled to bring that action is either under 18 years of age or suffering from a mental disability, the statute of limitations applicable to the action is tolled for so long as the person remains under 18 or as long as the person's mental disability persists).

As plaintiff understands it, *Baker* holds that statutes such as ORS 12.160 that toll or extend underlying statutes of limitation are not "limitations on the commencement of an action" and, thus, apply to actions against public bodies despite ORS 30.275(9).[2] Plaintiff asserts that ORS 30.075(1) similarly extends an underlying limitation period—the two-year time limit in ORS 12.110—to three years when an injured person dies before bringing an action. It follows, plaintiff reasons, that ORS 30.075(1) constitutes a tolling

---

[1] ORS 12.020(2) provides:

"If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

[2] The parties and *amicus* debate at length whether our reference in *Baker* to tolling statutes falling outside the notwithstanding clause of ORS 30.275(9) was part of the core holding of that case. For our purposes here, it is sufficient to assume that it was.

provision that is not superseded by the notwithstanding clause in ORS 30.275(9). Defendant replies that ORS 30.075(1) neither extends nor tolls an underlying statute of limitations but, rather, constitutes a separate statute of limitations for survival actions that are brought, in the first instance, by a decedent's personal representative. Therefore, defendant asserts, the Court of Appeals correctly concluded that the three-year period established in ORS 30.075(1) is "a limitation on the commencement of an action" that is superseded by the notwithstanding clause of ORS 30.275(9).

Because this case presents a question of interpretation involving the interplay between two statutes, we resolve it under the principles set out in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009); that is, we examine the text and context of the statute and any legislative history that appears to be helpful at that level of analysis. *Dept. of Human Services v. G. D. W.*, 353 Or 25, 34, 292 P3d 548 (2012). The pertinent context includes "other provisions of the same statute and other related statutes, as well as the preexisting common law and the statutory framework within which the statute was enacted." *Fresk v. Kraemer*, 337 Or 513, 520-21, 99 P3d 282 (2004).

ORS 30.075(1) provides:

"Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within the limitations established in ORS 12.110 by the injured person and continued by the personal representatives under this section, or within three years by the personal representatives if not commenced prior to death."

ORS 30.275(9) provides:

"Except as provided in ORS 12.120, 12.135 and 659A.875, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act

or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

As we explained in *Baker*, the "notwithstanding clause" of ORS 30.275(9) "applies only to those provisions of ORS chapter 12 and other statutes that provide a limitation on the commencement of an action." *Baker*, 347 Or at 83. Such a limitation is, in different words, a statute of limitations. *Id.* at 82-83 ("[I]n amending what is now ORS 30.275(9), the legislature focused solely on the question of statutes of limitations."). Thus, the dispositive question in this case is whether the three-year time limit for bringing a survival action in ORS 30.075(1) establishes a "limitation on the commencement of an action"; that is, whether it is a statute of limitations.

A statute of limitations is "[a] law that bars claims after a specified period; specif., a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." *Black's Law Dictionary* 1450-51 (8th ed 2004). We note first that, like the two-year statute of limitations, ORS 12.110(1), the three-year limit in ORS 30.075(1) is measured from the accrual of the cause of action, not from the death of the decedent or any other interrupting event. Consistently with that understanding, as the Court of Appeals observed, "the three-year provision of ORS 30.075(1) is—like any statute of limitations—defined and measured solely by reference to the accrual of the cause of action." *Bell*, 247 Or App at 674.

Plaintiff nevertheless asserts that the three-year limit in ORS 30.075(1) is not a statute of limitations but, rather, is a tolling provision that, like ORS 12.160, is not superseded by ORS 30.275(9). First, plaintiff notes that tolling provisions extend the time for filing an action to which, but for tolling, a shorter limitation period would apply. Plaintiff observes that, based on a decedent's intervening death, ORS 30.075(1) affords the decedent's personal representative three years within which to commence the same action that the decedent, if he or she had survived, was required to commence within two years.

In addition to the arguments that plaintiff makes, *amicus* Oregon Trial Lawyers Association (OTLA) asserts that ORS 30.075(1) applies only to independent, "freestanding" limitations on the commencement of an action. OTLA asserts that ORS 30.075(1) merely extends or tolls a different statute of limitations, ORS 12.110, and that the three-year limit in ORS 30.075(1) therefore is not superseded by the two-year limitation period set out in ORS 30.275(9). Because OTLA's reasoning amounts to a variant of plaintiff's theory, we address those arguments together.

As often is the circumstance with statutory construction, the framing of the analysis of the statutes at issue matters. So, too, in this case, the outcome of which depends on whether ORS 30.075(1) is interpreted to impose a three-year statute of limitations or, alternatively, merely toll or extend an underlying statute of limitations. Here, there is no neat solution, and the best answer lies in sifting the analytical sand for probability, not certainty, of legislative intent.

Although plaintiff argues that ORS 30.075(1) is a "tolling" statute, that is not correct. A tolling statute is "[a] law that interrupts the running of a statute of limitations in certain situations, as when the defendant cannot be served with process in the forum jurisdiction." *Black's* at 1525. Unlike a tolling statute, the "or within three years" clause of ORS 30.075(1) does not "interrupt" the running of an otherwise applicable two-year statute of limitations, ORS 12.110(1). Instead, it establishes a separate limitation period for commencing an action to enforce rights and liabilities that the legislature first created in the same statute.

ORS 30.075(1) was enacted in 1965. Or Laws 1965, ch 620, § 4. Before ORS 30.075(1) was enacted, ORS 121.010 (1963) had provided that

"[a] cause of action arising out of an injury to the person dies with the person of either party, except as provided in ORS 30.020[3] and 30.080;[4] but the provisions of ORS

---

[3] ORS 30.020 (1963) provided for an action by a personal representative for wrongful death.

[4] ORS 30.080 (1963) provided that causes of action arising out of the injury or death of a person shall not abate upon "the death of the wrongdoer."

30.020 and 121.010 to 121.100 shall not abate the action mentioned in ORS 13.090,[5] or defeat or prejudice the right of action given by ORS 30.010.[6]"

ORS 121.010 had been part of Oregon law since before statehood. *See* General Laws of Oregon, Civ Code, ch IV, title VI, § 365, p 241 (Deady 1845-1864). The legislature repealed ORS 121.010 when it enacted ORS 30.075(1). *See* Or Laws 1965, ch 620, § 1. A survival action such as ORS 30.075(1), unlike the wrongful death statute, ORS 30.020, does not constitute an entirely new claim for relief. *See*, *e.g.*, *Hayes v. Hansen*, 175 Or 358, 397-99, 154 P2d 202 (1944) (distinguishing between characteristics of wrongful death and survival actions). Viewed in that light, it makes sense to provide, as the legislature did in ORS 30.075(1), that a survival action for personal injury does not "abate" upon the death of an injured person. When a claim "abates" it is "nullif[ied], and "ma[d]e void[,]" *Webster's Third New Int'l Dictionary* 2 (unabridged ed 2002), much the same as a personal injury claim "die[d] with the person" under *former* ORS 121.010. Thus, when the legislature provided in ORS 30.075(1) that such an action does not abate on the decedent's death, it expressly reversed the prior state of the law. That is, by enacting ORS 30.075(1) and simultaneously repealing ORS 121.010, the legislature created new rights and liabilities arising from personal injury where an injured person dies before or after commencing an action. *See Wiebe v. Sealy*, 215 Or 331, 371-72, 335 P2d 379 (1959) (describing survival statute for claims against deceased tortfeasor as creating "new rights and liabilities" that only apply prospectively). In particular, the legislature created survival rights and liabilities for personal injuries in the first sentence of ORS 30.075(1); in the second sentence of the same provision, the legislature established the limitation period for the commencement of such an action by the personal representative of a deceased claimant: three years from the accrual of the action. Thus, a survival statute such

---

[5] ORS 13.090 (1963) provided that the death of a party after a verdict did not abate the cause of action, but that "the action shall proceed thereafter in the same manner as in cases where the cause of action survives."

[6] ORS 30.010 (1963) provided that a father or mother, under certain circumstances, could maintain an action "for the injury or death of a child."

as ORS 30.075(1) is at once derivative and at the same time it creates a new set of rights and obligations between the tortfeasor and the decedent's personal representative that did not previously exist.

Consistently with that understanding, we have described a rule that implements a portion of ORS 30.075(1) as the equivalent of a "statute of limitations." In *Mendez v. Walker*, 272 Or 602, 538 P2d 939 (1975), we construed *former* ORS 13.080, the statutory predecessor to ORCP 34.[7] ORS 13.080 (1969) provided:

> "(1)   No action or suit shall abate by the death or disability of a party, or by the transfer of any interest therein.
>
> "(2)   In case of the death of a party, the court shall, on motion, allow the action or suit to be continued:
>
> "* * * * *
>
> "(b)   Against his personal representative or successors in interest at any time within four months after the date of the first publication of notice to interested persons, but not more than one year after his death."

In *Mendez*, we stated that "[t]he year allowed by ORS 13.080(2)(b) in which to substitute as a party the representative of decedent's estate has been construed as the equivalent of a statute of limitations." 272 Or at 604-05. We concluded that the plaintiff's claim was time-barred in that case because the personal representative had not been substituted for the deceased plaintiff within the one-year time limit set by ORS 13.080(2)(b). *Id.* at 606.

---

[7] ORCP 34 provides, in pertinent part:

"A No action shall abate by the death or disability of a party, or by the transfer of any interest therein, if the claim survives or continues.

"B In case of the death of a party, the court shall, on motion, allow the action to be continued:

"B(1) By such party's personal representative or successors in interest at any time within one year after such party's death; or

"B(2) Against such party's personal representative or successors in interest unless the personal representative or successors in interest mail or deliver notice including the information required by ORS 115.003 (3) to the claimant or to the claimant's attorney if the claimant is known to be represented, and the claimant or his attorney fails to move the court to substitute the personal representative or successors in interest within 30 days of mailing or delivery."

As does ORCP 34, *former* ORS 13.080 provided the sole procedural means for continuing a previously commenced action that survives an injured claimant's death under ORS 30.075(1). In addition, like ORS 30.075(1), *former* ORS 13.080 provided (and ORCP 34 now provides) that a subject action does not "abate" on a decedent's death. By enacting ORS 30.075(1) in light of the then-existing procedural rule in *former* ORS 13.080, the legislature presumably sought to limit the time in which a personal representative may commence an action in the same manner that it limited the time in which a personal representative may be substituted in a pending action. In holding that the one-year limit for substitution in the corresponding procedural rule is the equivalent of a limitation on the commencement of an action, *Mendez* is consistent with the conclusion that ORS 30.075(1) likewise prescribes limitations on the commencement or continuation of survival actions.

That conclusion is reinforced by the legislative history of the 1981 amendment to ORS 30.275—which produced the notwithstanding clause of subsection (9) of that statute—that we elaborated in *Baker*. In that case, we placed particular weight on the statements of Senator Fadeley, who had "repeatedly had stated that two statutes of limitations should not apply to [Oregon Tort Claims Act] claims: the six-year statute of limitations for property damage and the three-year statute of limitations for wrongful death. The notwithstanding clause mirrors that concern." *Baker*, 343 Or at 82. Earlier in the debate over the bill that would become ORS 30.275(9), Senator Fadeley had engaged Senator Kulongoski in a colloquy, asking him whether he "was intending that the existing two-year statute on personal injury apply and that the two-year general statute on tort claims act still apply." Senator Kulongoski replied: "that was correct." *Id.* at 79.

Although the fit is not precise, a wrongful death action under ORS 30.020(1)—which also is subject to a three-year statute of limitations, rather than the two-year limit of ORS 12.110(1)—is more akin to a survival action under ORS 30.075(1) than the latter is to a tolling provision such as ORS 12.160. For both a wrongful death action and a survival action, the legislature has created rights and

liabilities that did not previously exist in statute or at common law. Moreover, in each circumstance, the legislature established a three-year limitation period from the accrual of the claim—as opposed to some interrupting event—for the personal representative of the decedent to commence an action. In short, the legislature's determination, where the defendant is a public body, to override the three-year statute of limitations that ordinarily applies to wrongful death actions supports the conclusion that the comparable three-year limitation period for survival actions under ORS 30.075(1) must similarly yield to the limit set out in ORS 30.275(9).[8]

Having addressed plaintiff's arguments, we turn to the dissent, which, unlike plaintiff, does not regard ORS 30.075(1) as a tolling statute. Instead, the dissent asserts that ORS 30.075(1) "plainly extends the life of an injury action beyond the death of an injured person as set forth in the statute." 353 Or at 552 (Baldwin, J., dissenting). As pertinent here, we presume that the dissent means to say that, where an injured person failed to commence an action for those injuries while alive, ORS 30.075(1) adds time for *commencing an action* after the death of the person. That much is true; but, there is more to the statute than that. The legislature also created a new right of action that otherwise would not have existed and, where the decedent has failed to commence an action during his or her life, it accords his or her personal representative three years from the accrual of the claim to commence the action.

The dissent repeatedly asserts that ORS 30.075(1) does not provide a limitation on the commencement of an action. We disagree. As discussed, that provision contains two different sentences that accomplish two different things. The first sentence provides that a personal injury action "shall not abate" upon the death of the injured person. We readily acknowledge the point. The second sentence, however, goes further and says when the nonabated action must commence. It provides that an action must be brought within two years if commenced before death and three years

---

[8] The foregoing analysis also answers OTLA's assertion that the three-year limit in ORS 30.075(1) is not an independent or, in its terms, "freestanding" limitation on the commencement of an action for purposes of ORS 30.275(9).

if commenced after death. As explained above, that is what statutes of limitation do.

That leads to the considerable attention that the dissent devotes to characterizing ORS 30.075(1) as a "survival statute." The reasoning apparently is that, because the statute declares in one part that actions shall not abate on the death of the injured person, nothing in that statute can be a statute of limitation. But, again, there is more than that going on in the provision. The fact that the first sentence can be classified as a "survival statute" does not logically mean that the second sentence does not provide a limitation on the commencement of the action. In many, if not most, cases to which ORS 30.075(1) applies, the second sentence of the statute unarguably acts as a statute of limitation. If an action is commenced by the injured person during his or her life, the first clause of the second sentence provides that the action "shall be commenced within the limitations established in ORS 12.110 by the injured person and continued by the personal representatives under this section[.]" That is, even though the statute provides for the survival of such actions, it also limits the time for their commencement.

Moreover, the expanded three-year limitation prescribed in the second clause of the second sentence of the statute for actions filed by a personal representative after the injured person's death is no less a statute of limitations merely because the period within which an action must be commenced is longer. As discussed, like the two-year limitation imported from ORS 12.110 for actions filed by the injured person, the three-year period runs from the accrual of the claim, not some intervening event. That symmetry strongly suggests that the legislature intended for the second sentence of ORS 30.075(1) to prescribe separate limitations on the commencement of the two categories of survival actions that the first sentence of the statute authorized to be brought or maintained.

Finally, the dissent gives considerable attention to decisions from other jurisdictions about the nature of survival actions and how they differ from statutes of limitation. However, each of those cases involved distinct

statutory frameworks and correspondingly distinct legal issues from those confronting us here. In *Swindle v. Big River Broadcasting Corp.*, 905 SW2d 565 (Tenn App 1995), for example, the court construed a statute that provided for additional time to sue a dissolved corporation, where the triggering date for bringing a survival action was the date of an intervening event, that is, corporate dissolution, not, as is the circumstance with ORS 30.075(1), the date of accrual of the underlying claim. 905 SW2d at 567. The same type of statute also was at issue in the South Dakota, Nebraska and Texas cases on which the dissent relies. *See M.S. v. Dinkytown Day Care Center, Inc.*, 485 NW2d 587, 588 (SD 1992); *Keefe v. Glasford's Enterprises, Inc.*, 532 NW2d 626, 629 (Neb 1995); *Gomez v. Pasadena Health Care Management Inc.*, 246 SW3d 306, 314, (Tx App 14th Dist 2008). Accordingly, those decisions do not meaningfully inform our task, at least not in the way the dissent posits.[9]

Because the three-year time limit in ORS 30.075(1) is a limitation on the commencement of a survival action for personal injuries by a personal representative, it is superseded by the two-year limitation period for the commencement of a tort action against a public body under ORS 30.275(9). Plaintiff failed to commence this action within that two-year period. It follows that the trial court did not err in dismissing it.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

**BALDWIN, J.,** dissenting.

I am unable to join in the majority's opinion because the majority has adopted an unreasonable construction of ORS 30.075(1) and ORS 30.275(9). Moreover, the majority

---

[9] We note, however, that in *M.S.*, the South Dakota Supreme Court made a point that we have made about survival actions with which the dissent appears to disagree; namely, that a survival action creates a substantive right or claim. 353 Or at 557-58 (Baldwin, J., dissenting). In concluding that a minority tolling statute did not extend the time for commencing an action under a corporate survival statute, the South Dakota court stated: "*The fact a survival statute essentially creates a right or claim that would not exist but for the statute* is key to this court's determination of whether the minority tolling provision in [the tolling statute] is applicable to the corporate survival period established by [the survival statute]." *M.S.*, 485 NW2d at 589 (emphasis added).

opinion is inconsistent with our recent holding in *Baker v. City of Lakeside*, 343 Or 70, 164 P3d 259 (2007). In my view, plaintiff's personal representative timely filed this injury action under ORS 30.075(1), and the action was not subject to the time limitation established by ORS 30.275(9).

A.  *The text, context, and legislative history disclose that ORS 30.075(1) is not subject to the time provisions of ORS 30.275(9).*

Plaintiff, as a passenger on a bus operated by defendant, a public body, allegedly sustained personal injuries caused by defendant's negligence. Plaintiff later died from unrelated causes, and his personal representative timely filed a negligence action for damages within the time allowed to commence a survival action under ORS 30.075(1). That statute provides:

> "Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, *shall not abate upon the death of the injured person*, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within the limitations established in ORS 12.110 by the injured person and continued by the personal representatives under this section, or *within three years by the personal representatives if not commenced prior to death*."

ORS 30.075(1) (emphasis added).

The legislature enacted ORS 30.075(1) in 1965. Or Laws 1965, ch 620, § 4. By its express terms, ORS 30.075(1) provides that an action arising out of injuries to a person "shall not abate upon the death of the injured person," and further provides that the action may be commenced "within three years by the personal representative, if not commenced prior to death." Thus, the plain language of this survival statute allowed plaintiff's personal representative to commence this action because plaintiff did not commence an action for his injuries prior to his death.

In 1981, making no specific reference to that earlier enacted survival statute, the legislature amended the Oregon Tort Claims Act (OTCA) and added what is now ORS 30.275(9). Or Laws 1981, ch 350, § 1. That statute now provides:

> "Except as provided in ORS 12.120, 12.135 and 659A.875, but notwithstanding any other provision of ORS chapter 12 *or other statute providing a limitation on the commencement of an action*, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

ORS 30.275(9) (emphasis added).

In this case, the ambiguity requiring analysis arises from the legislature including a time element for the commencement of an action by a personal representative when it extended injury actions beyond the death of an injured party. ORS 30.075(1) allows a personal representative to commence an action "within three years *** if not commenced prior to [the] death [of the injured person]." Based on that language in the context of a survival statute, the majority has erroneously characterized ORS 30.075(1) as a "statute providing a limitation on the commencement of an action" within the meaning of ORS 30.0275(9).

I agree with the majority that we resolve any ambiguity involving the interplay between statutes under the principles set out in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). However, I emphasize that *Gaines* (and the *PGE* methodology it modified) was developed and adopted

> "[to] best serve the paramount goal of discerning the legislature's intent. In that regard, as this court and other authorities long have observed, there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes. Only the text of a statute receives the consideration and approval of a majority of the members of the legislature, as required to have the effect of law. The formal requirements of lawmaking produce the best source from which to discern the legislature's intent, for it is not

the intent of the individual legislators that governs, but the intent of the legislature as formally enacted into law[.]"

*Id.* at 171 (internal citations and quotation marks omitted).

The "paramount goal" of discerning legislative intent reflects a judicial understanding that legislative enactments must be enforced appropriately under our form of government. The legislature has set out the general rule for construction of statutes by the judicial branch as follows:

> "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

ORS 174.010.

Here, examination of the text of the statutes under consideration is fairly straightforward. Included in the critical text of ORS 30.075(1) are the words "shall not abate upon the death of the injured person." The meaning of the phrase "shall not abate" is unambiguous. In a legal context, the word "abate" means "a: to bring entirely down : DEMOLISH : put an end to : do away with <~ a nuisance> <~ an action> b: NULLIFY : make void <~ a writ>." *Webster's Third New Int'l Dictionary* 2 (unabridged ed 2002) (boldface omitted). Similarly, Black's Law Dictionary defines "abatement," in part, as "[t]he act of eliminating or nullifying." *Black's Law Dictionary* 3 (9th ed 2009). In *Mendez v. Walker*, 272 Or 602, 603 n 1, 538 P2d 939 (1975), we indicated that the abatement of an injury action upon the death of a party means "the action is utterly dead."

We must also examine the last full sentence of ORS 30.075(1), which expands the time allowed for commencing a survival action. If an "injured person" commences an action within two years, it may be "continued by the personal representative under this section." If not commenced "prior to [the injured person's] death," the action may be commenced "within three years by the personal representative." That enactment is based on the legislature's determination that such an action will survive for an additional period of time

beyond the death of the injured person. In enacting ORS 30.075(1), the legislature has expressed an intention that a personal representative may have up to an additional year beyond the two-year limitation established by ORS 12.110 to commence an action under certain circumstances. Neither the majority or the defendant has identified an ambiguity in the text of ORS 30.075(1).

In sum, ORS 30.075(1) plainly extends the life of an injury action beyond the death of an injured person as set forth in the statute. The statute establishes a procedure whereby a personal representative may commence an action if the injured person dies before the two-year time limit established by ORS 12.110. If an injured person dies after the two-year period has elapsed, a personal representative is allowed up to an additional year to commence that action. By its terms, the purpose and function of this survival statute is to extend the life of any injury action—not restrict it. As a matter of procedure, the statute allows additional time for a personal representative to commence an action. I employ the legal meaning of the word "procedure," which is defined as "1. A specific method or course of action. 2. The judicial rule or manner for carrying on a civil lawsuit or criminal prosecution." *Black's* at 1323 (boldface omitted). Obviously, without the insertion of a time element in the statute, the life of a survival action would be of unlimited duration. The insertion of a time element and a specific method for carrying on the survival action does not make the survival statute a statute of limitation. As will be explained, to conclude otherwise exalts form over substance and misapprehends the nature of ORS 30.075(1) as a survival statute.

An examination of the legislative history relating to ORS 30.075(1) confirms that the legislative purpose in enacting this survival statute was to give additional life to injury actions under the circumstances set forth in the statute. Prior to the 1965 enactment of ORS 30.075(1), the longstanding rule in Oregon, which was embodied in ORS 121.010 (1963), provided that a "cause of action arising out of an injury to the person dies with the person." That prohibition was subject to a few exceptions for wrongful death actions, actions related to the injury of a child, and actions that achieved a verdict before the party's death, but

otherwise operated to preclude any representative from continuing or bringing a personal injury cause of action on behalf of a deceased person. By enacting ORS 30.075(1), the legislature repealed the prohibition contained in ORS 121.010. *See* Or Laws 1965, ch 620, § 1. In discussing the provisions contained in the 1965 bill, Representative Harlan noted that "all causes of action survive in Oregon except a cause of action for personal injury. This bill \*\*\* would correct that in line with the laws of some 47 states." Tape Recording, Senate Judiciary Committee, HB 1517, Apr 26, 1965, Tape 3, Side 2 (statement of Rep Harlan); *see also* Minutes, House Judiciary Committee, Mar 30, 1965, 2 (noting that the bill was designed to allow the survival of a cause of action after death).

I next turn to the text of ORS 30.275(9) to determine whether it relates to ORS 30.075(1). ORS 30.275(9) requires that an action against a public body within the scope of the OTCA shall be commenced within two years after the alleged loss or injury, "notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action." The critical text here is "statute providing a limitation on the commencement of an action." If ORS 30.075(1) is not a "statute providing a limitation" within the meaning of ORS 30.275(9), the two-year time limitation of ORS 30.275(9) does not apply. The word "limitation" generally means "a restriction or restraint imposed from without (as by law, custom, or circumstances)" and, more specifically, "a time assigned for something; *specif* : a certain period limited by statute after which actions, suits, or prosecutions cannot be brought in the courts." *Webster's* at 1312. Similarly, Black's Law Dictionary defines "limitation" as "1. The act of limiting; the state of being limited. 2. A restriction. 3. A statutory period after which a lawsuit or prosecution cannot be brought in court." *Black's* at 1012 (boldface omitted). Thus, a limitation is a restriction or restraint on when an action can be commenced by a party. Hence, the provisions of ORS 30.275(9) are unambiguous. *See also Baker*, 343 Or at 85 (Durham, J., concurring) ("I conclude that ORS 30.275(9) is not ambiguous, and I draw that conclusion from an examination of statutory text and context.").

Notably, in *Baker*, this court thoroughly reviewed the legislative history of ORS 30.275(9) in examining the interplay of that statute with ORS 12.020, which defines when an action is deemed to have been commenced. We held that the notwithstanding clause of ORS 30.275(9) does not bar the application of ORS 12.020 to OTCA claims. In so doing, we determined that the legislative history of the notwithstanding clause did not disclose a specific explanation as to why the drafters added the clause. However, we concluded that "the legislative history confirms that, in amending what is now ORS 30.275(9), the legislature focused solely on the question of statutes of limitations." *Baker*, 343 Or at 82-83.

In *Baker*, based on the legislative history, we did not consider it reasonable to assume that the legislature intended to cut off the additional time to commence an action provided for under ORS 12.020(2). That statute allowed an additional 60 days to serve process beyond the two-year statute of limitation enacted under the OTCA. We explained:

> "Nothing in the legislative history suggests that the legislature intended to depart from the longstanding rule of procedure found in ORS 12.020(2), nor does it suggest that the legislature intended to deny children and persons with mental disabilities bringing OTCA claims the advantage of a tolling provision that is available to them in every other action."

*Id.* at 82.

Similarly, in this case, nothing in the legislative history suggests that the legislature, in enacting ORS 30.275(9), intended to nullify any survival actions it earlier established when enacting ORS 30.075(1). That is particularly so when the legislative history relating to ORS 30.075(1) discloses a legislative purpose to give additional life to injury actions by allowing a personal representative to commence an action after the death of the injured person. Here, it is not reasonable to assume that the legislature considered ORS 30.075(1) a "statute providing a limitation on the commencement of an action" within the meaning of ORS 30.275(9).

As previously indicated, ORS 30.075(1), operating as a survival statute, is fundamentally different from a statute of limitation, which primarily affects the time within which a stale action may be brought. This court's case law sheds light on the nature and purpose of statutes of limitation. In *Johnson v. Star Machinery Co.*, 270 Or 694, 530 P2d 53 (1974), we stated:

> "In general, there are usually two reasons which are advanced as justification for the imposition of such statutes. The first concerns the lack of reliability and availability of evidence after a lapse of long periods of time. * * *
>
> "The second rationale concerns the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty, free from the disruptive burden of protracted and unknown potential liability[.]"

*Id.* at 700-01 (citation omitted); *see also Wilder v. Haworth*, 187 Or 688, 695, 213 P2d 797 (1950) (commenting on statutes of limitation as desirable statutes of repose after the lapse of a reasonable period of time); *King v. Mitchell*, 188 Or 434, 442, 214 P2d 993 (1950) (same). As previously explained, the insertion of procedural elements into ORS 30.075(1) by the legislature did not make this survival statute a statute of limitation.

Considering the text, context, and legislative history of ORS 30.075(1) and ORS 30.275(9), I therefore conclude that ORS 30.075(1) is not subject to the time provisions of ORS 30.275(9). That conclusion is also supported by the rationale of *Baker*, 343 Or 70.

B.  *The majority has adopted an unreasonable construction of ORS 30.075(1) and ORS 30.275(9).*

The majority has adopted an unreasonable construction of the pertinent statutes and thereby has failed to apprehend the essential purpose of ORS 30.075(1) as a survival statute. A "survival statute" is a "law that modifies the common law by allowing certain actions to continue in favor of a personal representative after the death of the party who could have originally brought the action." *Black's* at 1583. The substantive effect of a survival

statute is to give additional life to an existing action that would have been destroyed under common law but for the legislative enactment. The nature of a survival statute is sharply distinguishable from a statute of limitation, which affects the time within which a stale action may be brought. *See, e.g.*, *M.S. v. Dinkytown Day Care Center, Inc.*, 485 NW2d 587 (SD 1992) (hereinafter *Dinkytown*); *Keefe v. Glasford's Enterprises, Inc.*, 248 Neb 64, 532 NW2d 626 (1995); *Swindle v. Big River Broadcasting Corp.*, 905 SW2d 565 (Tenn Ct App 1995).

The majority opinion appears to be the only reported case in the country where a survival statute has been held to be a statute of limitation. To the contrary, other reported cases bearing on the subject have held that a survival statute, by its very nature, is not a statute of limitation. In the context of survival actions against dissolved corporations, the Supreme Court of Nebraska has recognized the fundamental difference between a survival statute and a statute of limitation:

> "'Section 21-20,104 is a survival statute, not a statute of limitations, and, as such, gives life to claims which would otherwise be extinguished. Absent the survival statute, a dissolved corporation could not sue or be sued. Therefore, the rights created by the statute are the right of the corporation to sue during the survival period and the right of others to sue the corporation during the same period.'"

*Keefe*, 248 Neb at 67, 532 NW2d at 629 (citations omitted; quoting *Licht v. Association Servs., Inc.*, 236 Neb 616, 623, 463 NW2d 566, 571 (1990)). The court further explained:

> "'If § 21-20,104 is a survival statute rather than one of limitations, not even equity could estop its application. For, while a statute of limitations is an period of repose designed, if asserted, to prevent recovery on stale claims, a survival statute gives life to a substantive right that but for the statute would have been destroyed.'"

*Id.* at 68, 532 NW2d at 629 (citations omitted; quoting *Van Pelt v. Greathouse*, 219 Neb 478, 484, 364 NW2d 14, 19 (1985)).

The Supreme Court of South Dakota, in the same context, has also noted the same clear distinction between these two types of statutes:

> "'[A] statute of limitations affects the time that a stale claim may be brought while a survival statute gives life for a limited time to a right or claim that would have been destroyed entirely but for the statute. These survival statutes arbitrarily extend the life of the corporation to allow remedies connected with the corporation's existence to be asserted.'"

*Dinkytown*, 485 NW2d at 587 (quoting *Davis v. St. Paul Fire & Marine Ins. Co.*, 727 F Supp 549 (DSD 1989)); *see also Gomez v. Pasadena Health Care Management, Inc.*, 246 SW3d 306 (Tex Civ App 2008) (same); *Swindle*, 905 SW2d 565 (same).

The majority erroneously concludes that, by enacting ORS 30.075(1), "the legislature created new rights and liabilities arising from personal injury where an injured person dies before or after commencing an action." *Bell v. Tri-Met*, 353 Or at 543. However, it is well established that a survival action "derives from the claim that a decedent would have had—such as for pain and suffering—if he or she had survived." *Black's* at 1583. The rights and liabilities of the parties in a survival action are effectively determined as of the time of injury under common law. Those rights and liabilities define the action, which survives the death of a party under a survival statute. *See, e.g.*, *Hern v. Safeco Ins. Co. of Illinois*, 329 Mont 347, 125 P3d 597 (2005) (survival action raises claims that came into existence when decedent still alive with personal representative asserting those claims); *DeLane ex rel. Delane v. City of Newark*, 343 NJ Super 225, 778 A2d 511 (2001). ORS 30.075(1) simply expands the life of an injury action and provides a procedure for the prosecution of the action by a personal representative. It does not create additional rights and liabilities.

Moreover, the majority's reliance on *Wiebe v. Seely*, 215 Or 331, 335 P2d 379 (1959), for the proposition that a survival statute creates new rights and liabilities is misplaced. In *Wiebe*, the court declined to give retroactive effect to an amendment to a survival statute passed in

1953 that would have increased the plaintiff's recovery to $20,000, because a lower limit of $15,000 was in effect at the time the plaintiff was injured in 1951. *Wiebe* thus addresses the retroactive effect of legislation and has no bearing on the statutory construction issues presented in this case.

The majority's reliance on *Mendez v. Walker*, 272 Or 602, 538 P2d 939 (1975), is also misplaced. In *Mendez*, the plaintiff timely filed his injury action, but the defendant died before the case was brought to trial. Under then-existing ORS 13.080, the plaintiff was required to file a motion to substitute a personal representative of the defendant's estate within one year to continue the action. The plaintiff filed the motion two years after the defendant's death and was therefore precluded from continuing his action. That result is unremarkable because ORS 13.080 did not operate functionally as a survival statute unless a party timely filed a motion with the court. The plaintiff did not do so, and his motion was time barred. By contrast, here, plaintiff's personal representative timely filed this action under ORS 30.075(1).

Finally, the majority fails to recognize important substantive differences between a survival action and a wrongful death action. It is well established that the two types of actions are fundamentally different. As previously defined, a "survival action" "derives from the claim that a decedent would have had *** if he or she had survived." *Black's* at 1583. A "survival action" is further defined as a "lawsuit brought on behalf of a decedent's estate for injuries or damages incurred by the decedent immediately before dying. *** In contrast is a claim that the beneficiaries may have in a wrongful-death action, such as for loss of consortium or loss of support from the decedent." *Black's* at 1583. Generally, a survival action is designed to recover damages a decedent could have recovered but for his death, and a wrongful death action seeks to recover damages to beneficiaries resulting from a decedent's death. *See, e.g.*, *Foncannon v. Phico Ins. Co.*, 104 F Supp 2d 1091 (WD Ark 2000); *Kaufman v. Cserny*, 856 F Supp 1307 (SD Ill 1994); *Shield v. Bayliner Marine Corp.*, 822 F Supp 81 (D Conn 1993). For our purposes, it is important to emphasize that a survival action extends the life of an injury action, and

a wrongful death action establishes a new cause of action. Thus, a time limitation imposed from outside a survival statute will have a destructive impact on the functional operation of the survival statute. Here, the majority has effectively nullified the operation of ORS 30.075(1) as applied to all injury actions where the defendant is a public body, the injured person dies, and that person did not commence an action within two years of injury. By contrast, the application of ORS 30.275(9) to wrongful death actions reduces the time limit for a plaintiff to commence an action but does not nullify the rights of a party under the wrongful death statute.

By adopting a construction that effectively nullifies the survival provisions of ORS 30.075(1) regarding the injury actions described above, those actions will now abate at common law upon the death of such injured persons, contrary to the legislature's intentions. The majority opinion also creates a trap for unwary family members who do not timely arrange for a personal representative to continue an action when an injured person dies in close proximity to the two-year time limitation established by ORS 12.110. For example, under the majority's construction, family members of an injured person who dies 10 days before the two-year limit expires (with no action previously commenced) will have only those 10 days to determine that the action must be commenced and arrange for a personal representative to do so in the wake of the death. It is unlikely that the legislature intended those results by enacting ORS 30.275(9).

This court has long recognized the prudential value of not construing legislative enactments "so as to ascribe to the legislature the intent to produce what we perceive to be an unreasonable result." *McKean-Coffman v. Employment Div.*, 312 Or 543, 552, 824 P2d 410 (1992) (citing *State v. Galligan*, 312 Or 35, 39, 816 P2d 601 (1991)); *see also Pacific P. & L. v. Tax Com.*, 249 Or 103, 110, 437 P2d 473 (1968) (same); *Fox v. Galloway*, 174 Or 339, 347, 148 P2d 922 (1944) (duty of court to avoid an unreasonable result in construing statute as consistent with the general policy of the legislature). Here, the majority's construction of ORS 30.275(9) leads to an unreasonable result that is

inconsistent with the legislature's purpose in enacting ORS 30.075(1).

Moreover, under the general rule for construction of statutes set out by the legislature, this court is obligated "to ascertain and declare what is, in terms or in substance. contained therein, *** and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all." ORS 174.010. Here, the majority has not adopted a construction of ORS 30.075(1) and ORS 30.275(9) that fulfills that obligation.

C.   *The majority opinion is inconsistent with Baker.*

As previously discussed, we recently held in *Baker*, 343 Or 70, that the expanded time (60 days) allowed for service of process provided by ORS 12.020(2) was not a limitation on the commencement of an action within the meaning of ORS 30.275(9):

> "Considering the text, context, and legislative history of ORS 30.275(9), we hold that the notwithstanding clause in ORS 30.275(9) applies only to those provisions of ORS chapter 12 and other statutes that provide a limitation on the commencement of an action. The notwithstanding clause does not bar application of ORS 12.020 to OTCA claims. Because plaintiff filed her complaint within two years of the accident and served the city within 60 days of filing her complaint, her complaint was timely under ORS 12.020(2). The city's motion for summary judgment should have been denied."

*Id.* at 83.

In *Baker*, we essentially viewed ORS 12.020(2) as a procedural statute and not as a "statute providing a limitation" within the meaning of ORS 30.275(9). Similarly, the procedure of allowing one year for a personal representative to file an action under ORS 30.075(1) is not a "statute providing a limitation" within the meaning of ORS 30.275(9). In my view, the majority has not reasonably distinguished this case from *Baker*.

Significantly, in *Baker*, we adopted a reasonable construction of ORS 30.275(9) and ORS 12.020(2) in a manner that gave effect to both statutes. In   *Baker*,   we

concluded that "the legislative history confirms that, in amending what is now ORS 30.275(9), the legislature focused solely on the question of statutes of limitations." 343 Or at 82-83. Prior to drawing that conclusion, we noted various specific statutes of limitation for various actions discussed in the legislative history. We observed that "[n]othing in the legislative history" suggested that the legislature intended to depart from the previously established rule of procedure provided for under ORS 12.020 allowing additional time for service of process. *Id.* at 82. In holding that ORS 30.275(9) does not bar the application of ORS 12.020 to OTCA claims, we also noted that we were not attempting to infer intent from legislative inaction:

> "We note that this is not a case in which we are attempting to infer intent from legislative inaction. *See Berry v. Branner*, 245 Or 307, 311, 421 P2d 996 (1966) (explaining the difficulty in inferring legislative intent from inaction). Nor is it a case in which the legislature was silent regarding the subsection at issue here. Rather, the committee and witnesses explained at length that this subsection would specify the applicable limitations period of OTCA actions. We rely on that explanation in inferring that the wording adopted on April 30, 1981, *addresses only periods of limitation*."

*Id.* at 83 n 6 (emphasis added). Here, the majority has not pointed to anything in the legislative history relating to ORS 30.275(9) to suggest that the legislature intended to depart from the previously established procedures to allow personal representatives to commence survival claims under ORS 30.075(1). As in *Baker*, it is not reasonable to assume from the legislative history that the legislature intended to discard previously established procedures of such significance.

Based on the foregoing authorities, I conclude that the majority's decision in this case is erroneous and frustrates the legislature's intentions in enacting ORS 30.075(1) and ORS 30.275(9). I therefore respectfully dissent.